IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON DIVISION

| | | |
|---|---|---|
| Helen Anderson, | ) | |
| | ) | C/A No. 8:13-1316-TMC |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| | ) | |
| USAA Federal Savings Bank, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the court on Defendant USAA Federal Savings Bank's Motion to Dismiss pursuant to Rule 12(b)(6), Fed.R.Civ.P. (ECF No. 7). While Plaintiff Helen Anderson did not file a response to Defendant's Motion to Dismiss, she did file a Motion for Summary Judgment. (ECF No. 8). Defendant filed a response opposing this motion. (ECF No. 15). These motions are now ripe for resolution. For the reasons set forth below, the court grants the Defendant's Motion to Dismiss in part and denies it in part and denies Plaintiff's Motion for Summary Judgment.

**I. Facts/Background**

In her Complaint, Plaintiff alleges she has three accounts with Defendant which total $37,772.39, and despite her demands for the funds in the accounts, Defendant has refused and converted the funds for its own use. (Compl. ¶¶ 3-4). She is seeking actual damages of $37,772.39, interest and attorney's fees. *Id*. at ¶ 4. In her prayer for relief, she also asks for "treble damages against the Defendant for unfair business practices in violation of the SC law." *Id*. at 2. Plaintiff alleges what appears to be a claim for conversion and a claim under the South Carolina

Unfair Trade Practices Act ("SCUTPA"), S.C. Ann. § 39-5-10 et. seq.

Defendant has filed a motion to dismiss on the grounds that Plaintiff has failed to state a claim and the claims are preempted by federal law. Plaintiff did not respond to this motion. Instead, she filed a motion for summary judgment. In her one and half page motion, Plaintiff did not address any of Defendant's arguments, but instead in conclusory fashion, simply restated her factual allegations and argued that she was entitled to summary judgment because no genuine issue of material fact exists. (ECF No. 8). In its response, Defendant argues the summary judgment motion is baseless and Plaintiff's claims are preempted by federal law.

## II. Applicable Law

**Motion to Dismiss**

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (citation omitted). The Federal Rules of Civil Procedure "require[] only a short and plain statement of the claim showing that the pleader is entitled to relief, in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citation and quotation marks omitted). A complaint need not assert "detailed factual allegations," but must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id*. at 555 (citations omitted). The complaint contains factual matter which, if accepted as true, would "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Twombly*). A claim is facially plausible when a plaintiff pleads sufficient factual content to allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

**Summary Judgment**

Summary judgment is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). In deciding whether a genuine issue of material fact exists, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in his favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* at 248. A litigant "cannot create a genuine issue of material fact through mere speculation or the building of one inference upon another." *Beale v. Hardy*, 769 F.2d 213, 214 (4th Cir. 1985). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, disposition by summary judgment is appropriate." *Monahan v. County of Chesterfield*, 95 F.3d 1263, 1265 (4th Cir. 1996).

### III. Discussion

**A. Defendant's Motion to Dismiss**

    **1. Preemption**

The Expedited Funds Availability Act ("EFAA"), 12 U.S.C. § 4001 et. seq., imposes specific requirements on banks to: (1) make funds available to their customers within specified time frames, (2) pay interest on interest-bearing transaction accounts not later than the day the bank receives provisional credit, and (3) disclose their funds availability policies to their customers. *See* 12 U.S.C. § 4001-10. The Federal Reserve Bank has promulgated rules pursuant to the EFAA, known as Regulation CC, 12 C.F.R. § 229. Regulation CC sets out when banks must make funds deposited into accounts available to their customers.

Defendant contends that Plaintiff's claims are expressly preempted by the EFAA and Regulation CC. Both the act and the regulation expressly provide for preemption of *inconsistent* state laws. *See* 12 U.S.C. § 4007(b) ("this chapter and regulations prescribed under this chapter shall supersede any provision of the law of any State . . . which is inconsistent with this chapter or such regulations."); 12 C.F.R. § 229.20(b). However, courts have found that the preemptive scope of these provisions "is quite narrow" and only state laws that establish different timing or disclosure requirements than the EFAA or otherwise directly conflict with EFAA are preempted. *See, e.g., Beffa v. Bank of West*, 152 F.3d 1174, 1177 (9th Cir. 1998). Accordingly, the EFAA and Regulation CC preempt state law only if inconsistent, and then only to the extent of the inconsistency. Eric C. Surrete, Annotation, *Validity, Construction, and Application of Expedited Funds Availability Act*, 34 ALR Fed.2d 1 § 19 (2009)(cases collected).

Furthermore, several court have held that the EFAA does not provide a civil claim in situations where the bank has frozen a depositor's accounts. "There is no indication that the Bank improperly held a specific deposit beyond the times allowed for under the Funds Act. Merely placing a hold on or freezing funds in an account after the deposits have been made available is not a violation of the [EFAA] and thus does not support a claim for civil liability under 12 U.S.C. § 4010." *Little Donkey Enterprises Washington, Inc. v. Bancorp*, 136 Fed. Appx. 91, 92 (4th Cir. 2005).

In *Frost Nat'l Bank v. Parker*, No. 95-2150, 1999 WL 33438078, *13-14 (C.D.Ill. Feb.26, 1999), Frost National Bank alleged that First of America Bank violated § 4006(d) by freezing its depositor's account after suspecting that he was engaged in a check-kiting scheme. The court concluded that the bank was "entitled to summary judgment on this claim because no evidence demonstrates that [it] violated the EFAA when it froze the [depositor's] account." *Id*. at *14. The court found that the banks actions were proper under its deposit agreement. As Defendant's

4

actions in freezing Plaintiff's accounts are not prohibited under the EFAA, the court does not see how the EFAA preempts Plaintiff's claims based upon an allegedly improper freeze of her accounts. Accordingly, the court does not find that Plaintiff's claims are preempted by the EFAA.

**2. Conversion claim**

Plaintiff alleges a state law claim for conversion. Under South Carolina law, a conversion is "the unauthorized assumption and exercise of the right of ownership over goods or personal chattels belonging to another to the exclusion of the owner's rights." *Moore v. Weinberg*, 681 S.E.2d 875 (S.C. 2009). Additionally, "[m]oney may be the subject of conversion when it is capable of being identified." *SSI Med. Serv's, Inc. v. Cox*, 392 S.E.2d 789, 792 (S.C.1990).

In evaluating a motion to dismiss, a plaintiff's well-pleaded allegations are taken as true, and the complaint, including all reasonable inferences therefrom, is liberally construed in the plaintiff's favor. *McNair v. Lend Lease Trucks, Inc.*, 95 F.3d 325, 327 (4th Cir. 1996). The court may consider only the facts alleged in the complaint, which may include any documents either attached to or incorporated in the complaint, and matters of which the court may take judicial notice. *Tellabs v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). Although the court must accept the plaintiff's factual allegations as true, any conclusory allegations are not entitled to an assumption of truth, and even those allegations pled with factual support need only be accepted to the extent that "they plausibly give rise to an entitlement to relief." *Iqbal*, 129 S.Ct. at 1950. A court may dismiss a complaint where "after accepting all well-pleaded allegations in the plaintiff's complaint as true and drawing all reasonable factual inferences from those facts in the plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief." *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir.1999). Reviewing Plaintiff's complaint, she has sufficiently alleged a conversion claim to withstand a motion to dismiss.

### 3. SCUTPA claim

Defendant also contends that Plaintiff failed to properly pled the SCUTPA claim. SCUTPA prohibits "unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." S.C. Code Ann. § 39–5–20(a). In order to establish a SCUTPA violation, a plaintiff must demonstrate "(1) that the defendant has engaged in an unlawful trade practice, (2) that the plaintiff suffered actual, ascertainable damages as a result of the defendant's use of the unlawful trade practice, and (3) that the unlawful trade practice engaged in by the defendant had an adverse impact on the public interest." *Havird Oil v. Marathon Oil Co., Inc.*, 149 F.3d 283, 291 (4th Cir. 1998).

"A trade practice is 'unfair' when it is offensive to public policy or when it is immoral, unethical, or oppressive; a practice is 'deceptive' when it has a tendency to deceive." *Young v. Century Lincoln–Mercury, Inc.*, 396 S.E.2d 105, 108 (S.C. Ct.App. 1989). "An impact on the public interest may be shown if the acts or practices have the potential for repetition." *Singleton v. Stokes Motors, Inc.*, 595 S.E.2d 461, 466 (S.C. 2004). The potential for repetition can be shown by either "showing the same kind of actions occurred in the past, thus making it likely they will continue to occur absent deterrence" or "showing the company's procedures created a potential for repetition of the unfair and deceptive acts." *Id*. Furthermore, "[c]onduct that affects only the parties to the transaction and not the public interest provides no basis for a SCUTPA claim." *Bessinger v. Food Lion, Inc.*, 305 F.Supp.2d 574, 581 (D.S.C. 2003).

Plaintiff has not alleged that any unfair or deceptive acts occurred in the conduct of "the advertising, offering for sale, sale, or distribution" of anything of value or the alleged that any unlawful trade practice has an adverse impact on the public interest. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 550 U.S. at 678. Plaintiff has failed to sufficiently allege each requisite element of a SCUTPA claim

6

and therefore her SCUTPA claim cannot survive Defendant's motion to dismiss.

When a plaintiff's complaint fails to state a claim, the court should generally give the plaintiff a chance to amend the complaint under Rule 15(a) before dismissing the action with prejudice. However, here, based upon the facts as alleged, it is apparent that any amendment would likely be futile as to Plaintiff''s SCUTPA claim. "An amendment is futile when the proposed amendment is clearly insufficient on its face, or if the amended claim would still fail to survive a motion to dismiss pursuant to Fed. R.Civ.P. 12(b)(6)." *El–Amin v. Blom*, Civ. No. CCB–11–3424, 2012 WL 2604213, at *11 (D.Md. July 5, 2012). Furthermore, Plaintiff has failed to file a motion for leave to amend or even respond to Defendant's Motion to Dismiss.[1] *See Cozzarelli v. Inspire Pharms., Inc.*, 549 F.3d 618, 630–31 (4th Cir. 2008)(holding district court did not abuse its discretion in declining to grant leave to amend where the plaintiffs did not file a motion to amend). Accordingly, the court declines s to grant Plaintiff leave to amend.

**B. Plaintiff's Motion for Summary Judgment**

As noted above, Plaintiff has filed a motion for summary judgment. The parties have not engaged in any discovery and Defendant has not even answered the Complaint yet. A motion for summary judgment is premature at this stage. *See Temkin v. Frederick Cnty. Com'rs*, 945 F.2d 716, 719 (4th Cir.1991) ("Summary judgment may only be entered after 'adequate time for discovery.'" (*quoting Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986))). Accordingly, Plaintiff's Motion for Summary Judgment is denied.

## IV. Conclusion

For the foregoing reasons, Plaintiff's Motion for Summary Judgment (ECF No. 8) is

---

[1] The court notes that while Plaintiff did file a motion for summary judgment, she did not address any of the issues raised by Defendant in its Motion to Dismiss.

**DENIED**.  Defendant's Motion to Dismiss (ECF No. 7) is **GRANTED in part and DENIED in part**, and Plaintiff's SCUTPA claim is dismissed with prejudice.

    **IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

September 4, 2013
Anderson, South Carolina